J-S20039-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :       PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| JOSE MELENDEZ | : |
| | : |
| Appellant | : No. 1334 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 23, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005752-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                           **FILED JULY 2, 2026**

Appellant, Jose Melendez, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for indecent assault of a person less than 13 years of age, endangering welfare of children ("EWOC"), and corruption of minors.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant was the stepfather of N.V.-S. ("Victim"). (*See* N.T. Trial, 3/28/25, at 16). Appellant sexually abused Victim on multiple occasions when she was between the ages of five (5) and nine (9). The abuse ended only after Victim and her mother moved away from Philadelphia. Victim first reported the

_____

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 4304(a)(1), and 6301(a)(1)(i), respectively.

abuse to her therapist when she was seventeen (17) years old. (**Id.** at 35). Police investigated the claims, and Victim participated in an interview with the Philadelphia Children's Alliance. The Commonwealth subsequently charged Appellant with the above-mentioned offenses, as well as unlawful contact with a minor and indecent exposure.[2]

Following a bench trial, the court convicted Appellant of indecent assault, EWOC, and corruption of minors. The court found Appellant not guilty of unlawful contact with a minor and indecent exposure. On May 23, 2025, the court sentenced Appellant to an aggregate term of eleven and one-half (11½) to twenty-three (23) months' incarceration, followed by three (3) years of probation. Although the court did not find Appellant to be a sexually violent predator, it determined that Appellant was subject to lifetime registration under the Sexual Offender Registration and Notification Act ("SORNA").[3] Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on May 27, 2025. On June 4, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed an extension motion on June 17, 2025. Before the court entered an order disposing of the extension request, Appellant filed his Rule 1925(b) statement on September

---

[2] 18 Pa.C.S.A. §§ 6318 and 3127, respectively.

[3] 42 Pa.C.S.A. §§ 9799.10–9799.42.

8, 2025.[4]

Appellant now raises six issues for this Court's review:

Whether the evidence was sufficient to sustain the conviction for indecent assault under 18 Pa.C.S.A. § 3126(a)(7).

Whether the evidence was sufficient to sustain the conviction for [EWOC] under 18 Pa.C.S.A. § 4304(a)(1).

Whether the evidence was sufficient to sustain the conviction for corruption of minors under 18 Pa.C.S.A. § 6301(a)(1)(i).

Whether the guilty verdicts are legally inconsistent with acquittals for unlawful contact with a minor and indecent exposure and the trial court's express finding of no course of conduct beyond a reasonable doubt.

Whether the verdicts were against the weight of the evidence.

Whether imposition of lifetime registration violates due process.

(Appellant's Brief at 4).

Appellant's first five issues are related, and we address them together. Regarding his indecent assault conviction, Appellant maintains that Victim provided inconsistent testimony as to the specific dates, locations, and her age during each instance of abuse. Appellant argues that his EWOC conviction was predicated on evidence that did not establish a knowing violation of a duty

---

[4] In its opinion, the trial court acknowledged that the unavailability of the trial transcripts necessitated a delay in the filing of the Rule 1925(b) statement. (*See* Trial Court Opinion, filed 9/17/25, at 3).

of care.  Appellant also contends that the Commonwealth presented inconsistent testimony regarding any pattern of behavior to support the conviction for corruption of minors.  Moreover, Appellant posits that the mixed verdict of convictions and acquittals demonstrates an "internal contradiction" that "renders the verdict inherently unreliable." (***Id.*** at 19).  Appellant argues that the "guilty verdicts are not merely inconsistent; they are logically irreconcilable with both the acquittals and the court's express findings." (***Id.*** at 17).  Appellant concludes that the Commonwealth presented insufficient evidence to support his convictions, which are also impermissibly inconsistent and against the weight of the evidence.  We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty.  Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence.  Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.

Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019)

(quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super.

2013)).

Additionally,

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the … verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408

(2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

(most internal citations omitted).

The Crimes Code defines indecent assault as follows:

**§ 3126.  Indecent assault**

**(a)**     **Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent

- 5 -

contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

\* \* \*

(7)    the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7). "Indecent contact" is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101. Further, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Castelhun***, 889 A.2d 1228, 1232 (Pa.Super. 2005) (quoting ***Commonwealth v. Bishop***, 742 A.2d 178, 189 (Pa.Super. 1999)).

The Crimes Code also defines EWOC as follows:

**§ 4304. Endangering welfare of children**

**(a)    Offense defined.**—

(1)    A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

\* \* \*

(3)    As used in this subsection, the term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training or control of a child.

18 Pa.C.S.A. § 4304(a)(1), (3). The Commonwealth must prove the following

- 6 -

to sustain an EWOC conviction: (1) the accused was aware of his duty to protect the child; (2) the accused was aware that the child was in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare. ***Commonwealth v. Bryant***, 57 A.3d 191, 197 (Pa.Super. 2012).

Finally, the Crimes Code defines the offense of corruption of minors as follows:

> **§ 6301.  Corruption of minors**
>
> **(a)   Offense defined.—**
>
> (1)(i)    Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of the court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i).  "This Court has expounded on the definition of the corruption of minors, holding, 'actions that would offend the common sense of the community and the sense of decency, propriety and morality, which most people entertain,' are those which shall be considered corrupting a minor." ***Commonwealth v. Leatherby***, 116 A.3d 73, 82 (Pa.Super. 2015) (quoting ***Commonwealth v. Pankraz***, 554 A.2d 974, 977 (Pa.Super. 1989)).

Instantly, the trial court determined that sufficient evidence supported Appellant's convictions:

> The act of rubbing his genitals on the complainant's buttocks would qualify as Appellant having "indecent contact with the complainant" or, in the alternative, the complainant having indecent contact with Appellant. The same can be said about Appellant knowingly endangering the welfare of the complainant when she was a child. Appellant fit the role of being the complainant's parent based on her testimony, as she testified that he was her stepfather. Finally, the act described by the complainant is definitely one that would have corrupted or tended to corrupt her morals when she was a minor child.

(Trial Court Opinion at 6-7) (internal citations omitted). Our review of the record confirms this analysis.

We emphasize Victim's testimony that Appellant, her stepfather, abused her between the ages of five and nine. (**See** N.T. Trial at 16). Specifically, Victim described one occasion when Appellant took her to a cemetery to commit the abuse:

> [H]e would take me to the back where … there's, like, a graveyard he would teach me how to, like, drive in, and in the back, he'll, like, park somewhere, and then, he'll have me bend down in the … backseat with my, like, fours, and then my pants would be off, but my panties will be on, and he will grind—he would take his pants off and come out and grind his penis kind of like this on my butt.

(**Id.** at 20). The prosecutor asked whether anything came out of Appellant's penis. Victim stated that she was too shy to look, but he "definitely wiped himself a lot." (**Id.** at 21). Victim also described additional instances of abuse occurring at her home and a motel. (**Id.** at 25-28, 30-34).

Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that sufficient evidence supported the convictions at issue. *See Sebolka, supra*. Further, assuming without deciding that the verdict was somehow inconsistent, we have already concluded that sufficient evidence supported Appellant's convictions. *See Commonwealth v. Cook*, 865 A.2d 869, 877 (Pa.Super. 2004), *appeal denied*, 584 Pa. 672, 880 A.2d 1236 (2005) (stating judge, in non-jury trial, has power to render inconsistent verdicts; as such, Superior Court will not disturb guilty verdict on basis of apparent inconsistencies if sufficient evidence supports verdict).

Regarding his challenge to the weight of the evidence, Appellant failed to raise any objection to the weight of the evidence in the trial court. Therefore, Appellant's claim is waived. *See* Pa.R.Crim.P. 607(A) (stating that defendant must raise weight claim with trial judge in first instance). *See also Commonwealth v. Cox*, 231 A.3d 1011, 1018 (Pa.Super. 2020) (stating weight challenge must be preserved either in post-sentence motion, written motion before sentencing, or orally prior to sentencing; appellant's failure to avail himself of any of prescribed methods for presenting weight issue to trial court constitutes waiver of that claim). Therefore, Appellant is not entitled to relief on his first five issues.

In his final claim, Appellant contends that lifetime registration requirements for sex offenders violate the Due Process Clauses of the United

States and Pennsylvania Constitutions. We need not tarry long with this question, however, where our Supreme Court has declined to hold that SORNA's notification and registration requirements are punitive in nature and violative of a defendant's due process rights. ***See Commonwealth v. Torsilieri***, ___ Pa. ___, ___, 316 A.3d 77, 109-10 (2024) (vacating trial court's order declaring SORNA's registration requirements unconstitutional; remanding for additional development of record and to allow trial court to weigh new evidence in determining whether defendant can refute legislative findings supporting registration provisions). Here, relief is unavailable to Appellant where he has failed to demonstrate how he is entitled to relief under ***Torsilieri***.[5] Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2026

---

[5] We observe that Appellant's brief relies upon an earlier iteration of the relevant case law, ***Commonwealth v. Torsilieri***, 659 Pa. 359, 232 A.3d 567 (2020), which predated our Supreme Court's most recent evaluation of SORNA's registration requirements.